UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VALAIDA DeCARLIS,

                        Plaintiff,

v.

NEW YORK STATE RETIREMENT SYSTEM, et al.,

                        Defendants.

Case # 18-CV-6409-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Valaida DeCarlis brings this action against Defendants New York State Retirement System ("NYSRS"), Administrative Law Judge Paul Kehoe ("the ALJ"), Robert Coughlon, Esq., Dana S. Reill, Esq., Executive Deputy Comptroller Colleen Gardner ("the Comptroller"), Louis Nunez, M.D., and Allan Smiley, M.D., alleging that Defendants improperly denied her New York State retirement disability benefits. In her operative Amended Complaint, she asks this Court to review that denial and award her retroactive benefits as well as compensatory and punitive damages.

The Court screened Plaintiff's Amended Complaint with respect to the 28 U.S.C. §1915(e) criteria. Because it seeks relitigation of matters already adjudicated in a state court proceeding, the Amended Complaint fails to state a claim. Accordingly, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff worked as a housing specialist for the Rochester Housing Authority from 1992 to 2012. In October 2012, Plaintiff applied for disability retirement benefits under Retirement and Social Security Law Article 15. ECF No. 5 at 7. In November 2013, the Comptroller denied

Plaintiff's Article 15 application, finding that Plaintiff had not demonstrated that she was permanently incapacitated from performing her job duties. *Id*. Plaintiff sought, and was granted, an administrative hearing for redetermination. *Id*. After conducting a hearing, in February 2016, the ALJ upheld the Comptroller's determination. *Id.*

Plaintiff subsequently commenced a state court proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules to review the Comptroller's denial of benefits. *See DeCarlis v. New York State & Local Retirement Sys.*, 159 A.D.3d 1243, 1243 (NY App. Div. 2018). In that proceeding, the Third Department upheld the Comptroller's denial of benefits and dismissed Plaintiff's Article 78 proceeding. *Id.* at 1244.

Plaintiff then filed a Complaint in this Court, again seeking review of the denial of her disability retirement benefits and the award of those benefits. ECF No. 1. This Court screened and dismissed the Complaint, finding that Plaintiff's claim was precluded because it had already been adjudicated in the Article 78 proceeding and sought the same relief as in that proceeding (the award of benefits). ECF No. 4; *see also Griffin v. DiNapoli*, No. 16-CV-0914, 2017 WL 3835334, at *6 (N.D.N.Y. Aug. 30, 2017) (finding claim preclusion barred Plaintiff's claims where he sought the same relief as in state court, *i.e*. disability benefits).

However, liberally construing the Complaint, the Court found that it was possible that Plaintiff could state a claim under 42 U.S.C. § 1983 and permitted Plaintiff to amend her Complaint to plead such a claim. ECF No. 4. Plaintiff filed an Amended Complaint, which the Court has screened. Because the Amended Complaint continues to seek relitigation of the denial of benefits, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court must liberally construe *pro se* pleadings, but such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "Specific facts are not necessary" and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and quotation marks omitted).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff's Amended Complaint fails to state a claim. The Amended Complaint is nearly identical to the original Complaint except that, among other minor changes, it now seeks compensatory and punitive damages in addition to the award of benefits. It alleges no new facts that were not considered by the Article 78 court, and it fails to state a basis for relief under § 1983. *See Griffin*, 2017 WL 3835334, at *6 (explaining that a civil rights case is not a means for litigating

in a federal forum the merits of a state or local administrative decision). It simply persists in challenging the denial of disability retirement benefits. As this issue was already adjudicated in the Article 78 proceeding, the doctrine of issue preclusion bars it from consideration in this proceeding. *See Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 786 (S.D.N.Y. 2003) (recognizing that, even where a plaintiff seeks relief in a § 1983 proceeding that would not be available in an Article 78 proceeding—such as compensatory and punitive damages—a § 1983 proceeding may still be barred by the doctrine of issue preclusion to the extent that plaintiff seeks relitigation of issues already decided in the Article 78 proceeding); *Purvis v. Bd. of Educ. of City of New York*, No. 85 CIV. 9945 (SWK), 1987 WL 17949, at *6 (S.D.N.Y. Sept. 29, 1987) (declining to hear plaintiff's § 1983 due process claim whose "crucial issue was precluded from relitigation by application of collateral estoppel").

## CONCLUSION

For the reasons stated, Plaintiff's Amended Complaint (ECF No. 5) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: April 2, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court