UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VALAIDA DeCARLIS,

                      Plaintiff,

v.

NEW YORK STATE RETIREMENT SYSTEM, et al.,

                      Defendants.

Case # 18-CV-6409-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Valaida DeCarlis brought this action under 42 U.S.C. § 1983 against Defendants New York State Retirement System ("NYSRS"), Administrative Law Judge Paul Kehoe ("the ALJ"), Robert Coughlon, Esq., Dana S. Reill, Esq., Executive Deputy Comptroller Colleen Gardner, Louis Nunez, M.D., and Allan Smiley, M.D., alleging that Defendants improperly denied her New York State retirement disability benefits. In her Amended Complaint, she asked this Court to review that denial and award her retroactive benefits as well as compensatory and punitive damages. ECF No. 5.

The Court screened Plaintiff's Amended Complaint with respect to the 28 U.S.C. §1915(e) criteria. Because it sought relitigation of matters already adjudicated in a state court proceeding and otherwise failed to state a claim under 42 U.S.C. § 1983, the Court dismissed the Amended Complaint with prejudice. ECF No. 7.

By letter-motion, Plaintiff now seeks reconsideration of the Court's dismissal order. ECF No. 9. For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

## DISCUSSION

"The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Id.* at 211-12.

Plaintiff fails to meet this heavy burden. In fact, she makes no arguments on reconsideration other than to insist that she is disabled. Accordingly, Plaintiff's motion for reconsideration (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated: May 9, 2019
       Rochester, New York

                              HON. FRANK P. GERACI, JR.
                              Chief Judge
                              United States District Court